IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN ABINGTON,          Case No.

    Plaintiff,

v.          **JURY TRIAL DEMANDED**

BRYANT, HODGE & ASSOCIATES, LLC.

    Defendants.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I.    Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §§ 559.55-559.785 (hereinafter "FCCPA"). These laws prevent, respectively, debt collectors and persons from, *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.    Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337, and 1367.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.    Parties

4. Plaintiff, Brian Abington (hereafter "Plaintiff"), is an individual who resides in Brandon, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and F.S.A. §

559.55(2), and is also a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant, Bryant, Hodge & Associates, LLC (hereinafter "Defendant"), is a limited liability company, organized under the laws of the State of Delaware. The principle purpose of Defendant is the collection of debt, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

### IV.     Factual Allegations

6. On or about July 29, 2010 representatives from Defendant called the home of Plaintiff's father and step-mother in Atlanta, Georgia and asked to speak to Plaintiff.

7. Plaintiff's step-mother told the representative that Plaintiff did not live there.

8. The representative then asked Plaintiff's step-mother to take a message for Plaintiff.

9. The message included a "case number" and a telephone call for Plaintiff to call the representative back.

10. On or about August 17, 2010 a representative of Defendant called the Plaintiff's father and step-mother and asked to speak to Plaintiff.

11. Once again, Plaintiff's step-mother told the representative that Plaintiff did not live there.

12. Plaintiff's step-mother was upset about receiving another call from Defendant and called her husband to tell him about the phone call.

13. Plaintiff's father then called Defendant and reiterated that Plaintiff did not live there and demanded that they not call his home again.

14. Upon information and believe, Defendant was attempting to collect a debt Plaintiff allegedly owed to HSBC. The alleged debt was incurred for personal, family or household purposes and is a consumer debt.

15. As a result of Defendant's multiple communications with Plaintiff's family and disclosure of personal information, Plaintiff has been humiliated, embarrassed and feared that a lawsuit had been filed against him for the alleged debt.

## V.     Claims for Relief

### First Claim for Relief
### FDCPA Violation
### Brian Abington v. Bryant, Hodge & Associates, LLC

Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15.

16. Defendant's actions were performed with the intent to coerce Plaintiff into paying a defaulted consumer debt.

17. The foregoing acts and omissions of Defendant constitute numerous and several violations of the FDCPA, including, but not limited to, 15 U.S.C. §§ 1692d, 1692e, and 1692f.

18. As a result of the above violations of the FDCPA, Plaintiff is entitled to recovery for actual damages, statutory damages, and attorney's fees and costs.

19. fees and costs.

## VI.     Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Honorable Court enter judgment against all Defendants for the following:

    a. Declaratory judgment that Defendants' conduct violated the FDCPA and FCCPA;

    b. Adjudications that Defendants' acts were in violation of the FCCPA;

    c. Actual damages, pursuant to 15 U.S.C. § 1692k(1) and F.S.A. § 559.77(2);

    d. Statutory damages, pursuant to 15 U.S.C. § 1692k(2)(A) and F.S.A. § 559.77(2);

    e. Punitive damages, pursuant to F.S.A. § 559.77(2);

  f. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(3) and F.S.A. § 559.77(2); and

  g. Such other and further relief as may be just and proper.

Respectfully submitted, this 17th day of November, 2010.

            /s/ G. Donald Golden
            G. DONALD GOLDEN, ESQUIRE
            Florida Bar No. 0137080
            E-Mail: don@brandonlawyer.com
            JOSEPH B. BATTAGLIA, ESQUIRE
            Florida Bar No. 0058199
            E-Mail: joe@brandonlawyer.com
            THE GOLDEN LAW GROUP
            808-A Oakfield Drive
            Brandon, Florida 33511
            Telephone:  (813) 413-8700
            Facsimile:   (813) 413-8701
            Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

            /s/ G. Donald Golden
            G. DONALD GOLDEN, ESQUIRE